IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-049-JD |
| ) | |
| ROMERO CORLANDUS LEWIS, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SUPPRESS AND DISMISS

The Defendant, Romero Corlundus Lewis, moves the Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), to suppress evidence and dismiss the Indictment which charges possession of a firearm while previously been convicted of crime punishable for a term exceeding one year and a forfeiture count because the officer lacked reasonable suspicion to support a traffic stop that resulted in the inventory search and seizure of the firearm at issue.

## BACKGROUND

On October 7, 2022 at 21:53 hours Officers Alexander and D. Riek pulled over Mr. Lewis' car based on an observation that his vehicle drove through the intersection of 23rd and N. Laird Ave while the signal light was red. (See attached police report labeled as **Exhibit 1**). Mr. Lewis does not believe his signal light was red but was yellow while he drove through the intersection.[1] The Officers initiated a traffic stop based on this,

---

[1] There are several cameras at this intersection and the undersigned is working on seeing if any footage of this event exists.

found out Mr. Lewis did not have a driver's license and thought he was under the influence of alcohol. Mr. Lewis would not consent to the search of his car. The two other occupants in the car did not have driver's licenses and therefore the car was impounded. The Officers conducted an inventory search of the vehicle pursuant to Oklahoma City Police policy. During the inventory search a loaded Ruger LCP pistol with the serial number scratched off and ammunition were found. The other two occupants of the car denied ownership of the Ruger.  An open container of Steel Reserve 211 beer was also found. Mr. Lewis subsequently took a breath test and scored 0.0.

## BRIEF IN SUPPORT

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. Because "[a] routine traffic stop is considered a seizure within the meaning of the Fourth Amendment," all traffic stops must be reasonable. *Moore*, 795 F.3d at 1228. And "[a] traffic stop is reasonable if it is (1) justified at its inception and (2) reasonably related in scope to the circumstances [that] justified the interference in the first place." *Id.* (quoting *United States v. Karam*, 496 F.3d 1157, 1161 (10th Cir. 2007)); *see also Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). Here, Martinez only challenges the initial justification for the traffic stop, not its scope.

Typically, a traffic stop is justified if the officer observes or reasonably suspects a traffic or equipment violation. *See United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995) (en banc). Here, of course, Phillips did not see the Cadillac's driver commit any traffic or equipment violations. Nor did he reasonably suspect the driver had done so. But a law-enforcement officer may also stop a vehicle if the officer harbors "a

2

reasonable suspicion that [other] criminal activity may be afoot." *United States v. Whitley*, 680 F.3d 1227, 1233 (10th Cir. 2012). Thus, our analysis turns on whether Phillips could reasonably suspect that the Cadillac's occupants were involved in criminal activity. *See id.*

"For reasonable suspicion to exist, an officer must 'articulate something more than an inchoate and unparticularized suspicion or hunch.'" *Moore*, 795 F.3d at 1229 (quoting *United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1, (1989)). Stated differently, before initiating an investigatory stop, an officer must have "a particularized and objective basis for suspecting an individual may be involved in criminal activity." *United States v. Pettit*, 785 F.3d 1374, 1379-80 (10th Cir. 2015) (quoting *United States v. Johnson*, 364 F.3d 1185, 1194 (10th Cir. 2004)). At the same time, "an officer 'need not rule out the possibility of innocent conduct;' he or she simply must possess 'some minimal level of objective justification' for making the stop." *United States v. Winder*, 557 F.3d 1129, 1134 (10th Cir. 2009) (quoting *United States v. Vercher*, 358 F.3d 1257, 1261 (10th Cir. 2004)). Ultimately, "[w]hether an investigative detention is supported by reasonable suspicion 'does not depend upon any one factor, but on the totality of the circumstances.'" *Moore*, 795 F.3d at 1229 (quoting *United States v. Simpson*, 609 F.3d 1140, 1146 (10th Cir. 2010)).

The statute at issue supporting the pullover of Mr. Lewis' vehicle is Okla. Stat. Tit.12 §11-201(a) which states:

> (a) The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of this act, unless otherwise directed by a traffic or police

3

officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this act.

(b)  No provision of this act for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section does not state that signs are required, such section shall be effective even though no signs are erected or in place.

Mr. Lewis believes he complied with this statute and no violation of this law could be observed and no reasonable suspicion for traffic stop existed. Therefore, all the subsequent evidence collected as a result of the illegal traffic stop should be suppressed as fruit of the poisonous tree.

If the defendant can establish that the initial stop violated Fourth Amendment law, "then the evidence that was seized as a result of that stop would be subject to suppression as '**fruit of the poisonous tree**.'" *Id.* (quoting *United States v. Erwin*, 875 F.2d 268, 269 n.2 (10th Cir. 1989)). Generally, evidence that is acquired because of prior illegal activity must be excluded as the fruit of that illegality. *Wong Sun v. United States*, 371 U.S. 471, 484-85, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963). This exclusion remedy reaches both verbal evidence and physical evidence. *Id.* The gun and ammunition in this case were seized as a result of the illegal detention and should be suppressed.

## CONCLUSION AND REQUEST

Officer Riek lacked reasonable suspicion for the pull over of Mr. Lewis' vehicle. The subsequent contraband found was fruit of the poisonous tree and should be suppressed and the indictment dismissed.

Respectfully submitted

s/ Peter L. Scimeca
Peter L. Scimeca, OBA No. 21805
FELLERS, SNIDER, BLANKENSHIP, BAILEY
 & TIPPENS, P.C.
100 N. Broadway Avenue, Suite 1700
Oklahoma City, OK 73102
Telephone: 405-232-0621
Fax: 405-232-9659
pscimeca@fellerssnider.com
***Counsel for Defendant***

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of March 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: Stephanie Powers, Assistant United States Attorney.

s/ Peter L. Scimeca
Peter L. Scimeca

07823:903395