IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-23-00049-JD |
| ROMERO CORLANDUS LEWIS, | ) ) ) ) |
| Defendant. | ) |

# **ORDER**

The Court is in receipt of Defendant Romero Corlandus Lewis's Response [Doc. No. 38] to the Court's Order to Show Cause [Doc. No. 35]. Upon consideration, the Court construes it as an application for subpoena duces tecum pursuant to Federal Rule of Criminal Procedure 17(c).[1] To obtain a Rule 17(c) subpoena commanding production of materials prior to trial, a party must show:

> (1) that the [materials] are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

---

[1] The Court is able to assess the requested subpoena to determine whether it meets the standard set forth in *United States v. Nixon*, 418 U.S. 683, 699–700 (1974) based on the Response to the Order to Show Cause and the case record up to this point. In the future, counsel is encouraged to file an application for approval of a proposed subpoena duces tecum before seeking issuance from the Court Clerk, which is the preferred procedure in this Court.

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (footnote omitted); *see also United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (same). The materials sought in the requested subpoena must be relevant, admissible, and specific. *Nixon*, 418 U.S. at 700.

Defendant seeks from the Oklahoma Office of Management and Enterprise Services ("OMES") ten minutes of video footage from October 7, 2022, showing the intersection of N.E. 23rd Street and Laird Avenue in Oklahoma City, which happens to be near the entrance to the Oklahoma Governor's Mansion, or, alternatively, Defendant seeks a sworn statement that OMES or one of its vendors no longer has access to the video in electronic or cloud storage. *See* [Doc. Nos. 38, 38-1, and 32-1].

The video, if it exists, could show the traffic violation officers of the Oklahoma City Police Department explain they witnessed, which prompted the traffic stop challenged in Defendant's Motion to Suppress and Dismiss [Doc. No. 21]. For purposes of the Motion to Suppress and Dismiss, the video footage or the sworn statement are relevant and admissible. And given the limited duration of footage sought, or the specific explanation sought in the sworn statement, the requested subpoena duces tecum is sufficiently specific. The Court is thus satisfied that the requested subpoena duces tecum satisfies Rule 17(c) and the standard set forth in *United States v. Nixon*, 418 U.S. 683 (1974).

IT IS THEREFORE ORDERED that, consistent with this Order, the Clerk of Court shall issue the proposed subpoena duces tecum at the request of counsel for Defendant Romero Corlandus Lewis.

IT IS FURTHER ORDERED that the Response [Doc. No. 38] satisfies the Court's Show Cause Order [Doc. No. 35].

IT IS SO ORDERED this 8th day of May 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE